02-11-025 & 026-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

                                              NOS. 02-11-00025-CR

                                                        02-11-00026-CR

 


 
 
 Anthony Monterral Davis a/k/a Anthony M. Davis
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

 

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Anthony Monterral Davis was indicted in July 2005, for possession of a
controlled substance, one to four grams, with intent to deliver.  While on bond
in that case, Appellant committed possession of a controlled substance, four to
two-hundred grams, and was indicted in October 2006.  On December 17, 2007,
Appellant entered an open plea of guilty in each of these second-degree felony
cases.  The trial court deferred adjudication and assessed ten years’ community
supervision in each case.  The State filed the first petition to proceed to adjudication
in each case less than eight months later.  The petition in each case was
amended twice before the December 13, 2010 hearing on the petitions.

          At
the hearing before the same judge who originally granted Appellant deferred
adjudication, Appellant pleaded “True But” to allegations that he failed to
report to the community supervision and corrections department from April 2008
through July 2010, and that he twice failed to submit to assessments for
substance abuse as ordered.  Appellant pleaded true to these allegations
without a plea bargain agreement and acknowledged to the court that he
understood he could receive up to twenty years, if revoked, in each case.

          The
State rested on Appellant’s pleas of true.  Appellant testified and called his
grandmother and cousin as witnesses.  At the conclusion of the hearing, the
trial court found both allegations to be true.  The court further found
Appellant guilty in each case and assessed his sentence in each case at ten
years’ confinement in the Institutional Division of the Texas Department of
Criminal Justice, to run concurrently.

          Appellant
filed a timely pro se notice of appeal in each case.  Thereafter, the trial court
appointed counsel for Appellant on appeal.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, the appeal is frivolous.  Counsel’s brief and motion meet
the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396
(1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds for relief.  We gave Appellant the opportunity to
file a pro se brief in each case, and he has done so.  The State has not filed
a brief.

          Once
an appellant’s court-appointed attorney files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 
Only then may we grant counsel’s motion to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record, counsel’s brief, and Appellant’s brief.  We
agree with counsel that this appeal is wholly frivolous and without merit; we
find nothing in the record that might arguably support the appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); see
also Meza v. State, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). 
Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s
judgment.

 

PER CURIAM

PANEL: 
GABRIEL, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
December 22, 2011









[1]See Tex. R. App. P. 47.4.